# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE L. PETERSON and ALONZO REESE, | ] ] ] |
| Plaintiff(s), | ] ] |
| vs. | ] CV-95-N-2260-S ] |
| B.M.I. REFRACTORIES, INC., | ] ] |
| Defendant(s). | ] |

FILED 97 JAN 10 PM 3:35 U.S. DISTRICT COURT N.D. OF ALABAMA

JAN 1 0 1997

## Memorandum of Opinion

This matter is presently before the court on two separate motions for summary judgment filed by the defendant. The magistrate judge to whom the motions were referred has recommended that the motions be granted and that the action be dismissed. The defendant has objected to various findings and recommendations but, of course, has not objected to the ultimate recommendation that both motions be granted and that the action be dismissed. The plaintiffs have objected to virtually every aspect of the recommendation.

This entire litigation has been characterized by personal insult and invective directed by counsel towards opposing counsel. Such conduct, in many instances, has been unprofessional, and, most certainly, unnecessary. In all instances, it has been unpleasant. Such conduct has required intervention by the court and, to the extent that such intervention was required, has wastefully consumed scarce judicial resources.[1] The various

---

[1] For the procedural history of this litigation between September 1995 and June 1996, see the opinion entered by the court on June 26, 1996.

documents filed by the parties in connection with the two motions have continued in the same vein.

The court has carefully examined the entire record of this matter, including the motions, the evidentiary materials submitted in support of and in opposition to them, the briefs of counsel, the magistrate judge's two reports and recommendations, the parties objections, and their various motions (to strike opposing submissions and otherwise) , and has reached the independent conclusion that, with one exception, the recommendations of the magistrate judge should be accepted and adopted as the ruling of the court.

Judge Armstrong found and has recommended that the motions should be granted on the ground that the plaintiffs, through their union, have entered into a collective bargaining agreement by which they have agreed to submit their work-related disputes to the grievance and arbitration procedure established under the contract. That recommendation is consistent with this court's holding in *Brisentine v. Stone & Webster Co.* CV-95-N-1623-NE (N.D. Ala., Aug. 9, 1996). What the court said in *Brisentine* is equally applicable to the claims made by the plaintiffs here.

The magistrate judge determined that the assault and battery claim asserted by plaintiff Peterson should not be subject to the *Brisentine* holding but recommended that summary judgment be granted on other grounds. The court does not disagree with Judge Armstrong's alternative recommendation but does find that the assault and battery claim is subject to the grievance and arbitration agreement.

Other than as noted regarding the assault and battery claim, none of the objections of any of the parties are well taken.

The defendant's motion for summary judgment will, in all respects, be granted and the action dismissed. Dismissal, however, will be without prejudice to the right of any party to petition the court to reopen the action following completion of the grievance and arbitration proceedings, should that avenue now remain open to the plaintiff and should there remain any issues unresolved by arbitration.

The various motions filed by the parties are either subsumed in the court's ruling on summary judgment, without merit, or controlled by prior rulings of the court. For example, the plaintiffs' motion of October 21, 1996, addressed to the court's jurisdiction, was founded on the same grounds the court rejected in the order of June 26, 1996. To the extent that the motion is to be treated as a motion for reconsideration of the June 26, 1996, order, it is denied.

Done, this 9th of January, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE